On Rehearing

BRADLEY, Judge.
On rehearing the Department contends that our decision would preclude the Department from using its subpoena power under § 40-2-11(8), Code 1975, to obtain information regarding a matter under investigation. This argument is misguided. To be liable for keeping sales tax records, one must be engaged in the sale of tangible personal property. Our holding is simply requiring the Department to bring forth evidence that the petitioner is engaged in business, thus subjecting himself to the sales tax laws. Under our decision the Department can subpoena any relevant books, records, or other documents from any person which would prove that the petitioner is engaged in business. We are in no way limiting the Department’s power to subpoena any information necessary to an investigation. We are merely holding that the petitioner in this case cannot be held in contempt for his refusal to produce sales tax records because under the sales tax statute he must be engaged in business before he can be required. to keep such records. The Department can use whatever power it has to prove that the petitioner is engaged in business and can certainly subpoena the records of any third party.
OPINION EXTENDED.
APPLICATIONS FOR REHEARING OVERRULED.
WRIGHT, P.J., and HOLMES, J., concur.